**SIGNED this 06 day of July, 2006.**

_____
**Marcia Phillips Parsons**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| In re  PATRICIA A. GOINS,<br><br>            Debtor. | No. 03-23874<br>Chapter 7 |
| MARY FOIL RUSSELL, Trustee,<br><br>        Plaintiff,<br><br>vs.<br><br>PATRICIA A. GOINS and husband, R. L. KING,<br><br>        Defendants. | Adv. Pro. No. 05-5055 |

**M E M O R A N D U M**

APPEARANCES:

| | | |
|---|---|---|
| Mark. S. Dessauer, Esq.<br>Matthew H. Wimberly, Esq.<br>Hunter, Smith & Davis, LLP<br>Post Office Box 3740<br>Kingsport, TN 37664<br>*Attorneys for Mary F. Russell, Trustee* | Michael H. Fitzpatrick, Esq.<br>Jenkins & Jenkins, Attys., PLLC<br>2121 First Tennessee Plaza<br>Knoxville, TN 37929<br>*Attorney for Patricia A. Goins* | R.L. King, Esq.<br>2205-1 Greenbriar Circle<br>Johnson City, TN 37602<br>*Pro Se* |

**MARCIA PHILLIPS PARSONS
UNITED STATES BANKRUPTCY JUDGE**

This adversary proceeding is before the court on the defendants' motions to dismiss under Fed. R. Bankr. P. 7012(b) for insufficiency of service of process in that they were not served within 120 days of the filing of the complaint as required by Fed. R. Civ. P. 4(m). For the reasons discussed below, the defendants' motions will be denied. This is a core proceeding. *See* 28 U.S.C. § 157(b)(2)(H).

I.

The debtor Patricia Goins filed for bankruptcy relief under chapter 7 on October 29, 2003. Thereafter, on October 28, 2005, the last date before expiration of 11 U.S.C. § 546(a)(1)(A)'s two-year statute of limitations, Mary Foil Russell, the chapter 7 trustee, commenced the instant adversary proceeding against the debtor and her husband R. L. King, seeking to avoid pursuant to 11 U.S.C. § 544(b)(1) and state law, the debtor's transfer of her interest in certain real property to herself and her husband as tenants by the entirety. The same date as the complaint was filed, the clerk of the court issued the summons. No further activity occurred in the adversary proceeding until March 14, 2006, when the court *sua sponte* issued an order directing plaintiff to appear for hearing on April 18, 2006, and show cause why the complaint should not be dismissed for failure to prosecute. On April 12, 2006, plaintiff's counsel requested the clerk of the court to issue alias summonses, which were issued on April 14, 2006. In the plaintiff's Response To Order To Show Cause filed on April 17, 2006, the day before the show cause hearing, the plaintiff stated:

> "Service was attempted on several occasions following the issuing of the[] summonses, but the defendants were unable to be found and served. . . . Following these attempts at services, the original summonses were misplaced in counsel for plaintiff's interoffice delivery between counsel for plaintiff's Johnson City office and its Kingsport office. Therefore, the original summonses could not be returned 'unserved.'"

Plaintiff noted that alias summonses had been issued and that her counsel had employed the services of a private process service to effect service. Accordingly, she requested that the court fix the amount of time in which service should be effected rather than dismiss for failure to prosecute.

At the show cause hearing on April 18, 2006, plaintiff's counsel orally requested that the hearing be continued for two weeks as he was in the process of serving the defendants. Counsel for defendant Patricia Goins objected, asserting that the summons and complaint could no longer be

2

timely served because more than 120 days had passed since the complaint was filed, and requested that the case be dismissed. The court granted plaintiff's continuance request but without prejudice to any claim of defective service. Thereafter, on April 21, 2006, plaintiff filed certificates of service that indicated the defendants had been personally served at their residence by Constable Bobby Dezarn on April 19, 2006. The court then entered an order on April 26, 2006, striking the continued show cause hearing.

On May 15, 2006, the defendants each filed a motion to dismiss. They argue that under Fed. Civ. P. 4(m) and the Sixth Circuit Court of Appeals's decision in *Byrd v. Stone*, 94 F.3d 217 (6th Cir. 1996), absent good cause for failure to serve a summons and complaint upon a defendant within 120 days after the filing of the complaint, the court must dismiss the action. They also contend that neither plaintiff's explanation for her failure to serve within 120 days nor the loss of this cause of action constitutes good cause. Additionally, defendant Patricia Goins observes that the plaintiff could have simply served the defendants by first class mail.

In response, plaintiff argues that good cause does in fact exist because several attempts were made to timely serve the defendants. In support of this proposition, plaintiff relies on the affidavit of her attorney, Matthew H. Wimberly, wherein he states that he "personally attempted to serve the summonses and complaints on November 1 and 2, 2005, but the defendants were not present or were not responding at their address of 2205-1 Greenbriar Circle, Johnson City, Tennessee" and "[a] paralegal from my office also attempted service on February 23 and 24, 2006, but once again the defendants were either not present or were not responding when service was attempted." Alternatively, plaintiff argues that even if good cause is not found, dismissal is not required and the court still has the discretion to extend the time for effecting service of process. In reply, defendant R. L. King submits his personal affidavit and that of his co-defendant wife Patricia Goins.[1] Mr. King states in his affidavit that he was continuously present and working at home on November 1 and 2, 2005, and February 23, 2006, but that no one came to his home or attempted either in person or by

---

[1] Notwithstanding that the affidavits of both defendants were submitted solely by Mr. King, in a supplemental motion to dismiss filed by Ms. Goins on June 8, 2006, she indicated that she adopted the position in Mr. King's supplemental motion to dismiss including the affidavits submitted in support filed by Mr. King on that same day.

phone to contact him. Ms. Goins states in her affidavit that she was off work and at home on February 24, 2006, and that similarly no one came to her home or attempted to contact her in connection with the case. They both state that they did not attempt to evade service of process and that they were completely unaware of this adversary proceeding until the court issued its show cause order.

II.

Fed. R. Bankr. P. 7004, which governs service of process in adversary proceedings, incorporates certain provisions of Fed. R. Civ. P. 4, including Rule 4(m) which provides in pertinent part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Plainly, the plaintiff herein has failed to comply with the 120-day requirement. Thus, under the language of the statute, "the court . . . shall dismiss the action without prejudice . . . or direct that service be effected within a specified time." Courts construing Rule 4(m) agree that if the plaintiff establishes good cause for its failure to timely effect service, the court must grant additional time for service. In addition, the overwhelming majority of courts which have considered the issue have concluded that a court has the discretion to extend the service time even in the absence of good cause. *See* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137 (3d ed. 2006). This conclusion is based on the peculiar wording of Rule 4(m) which rather than mandating dismissal if timely service is not accomplished, gives the court the option of extending the time for service. *Id.* This construction is supported by the Advisory Committee Notes to Rule 4(m) which expressly states that subdivision (m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown." Even the United States Supreme Court, albeit in dictum, has acknowledged this reading. *See Henderson v. United States*, 517 U.S. 654, 662-63 116 S. Ct. 1638, 1643 (1996) ("[I]n 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period, 'even if there is no good

cause shown.'").

Granted, the Sixth Circuit Court of Appeals did state in the *Byrd* decision that "[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). However, as observed by the district court in *Osborne v. First Union Nat'l Bank of Del.*, 217 F.R.D. 405, 407 (S.D. Ohio 2003), the Sixth Circuit in making this statement was relying on one of its previous decisions, *Habib v. General Motors Corp.*, 15 F.3d 72, 73 (6th Cir. 1994), wherein it applied a former version of the rule that clearly did require a plaintiff to show good cause in order to avoid dismissal of his complaint.[2] The *Byrd* court acknowledged in footnotes that the rule had been amended after the case was commenced, but found it unnecessary to decide which version governed since the plaintiff had established good cause for an extension of time to effect service of process and both versions of the rule permitted a good cause extension. *Osborne*, 217 F.R.D. at 407 (citing *Byrd*, 94 F.3d at 219 n.2 and 3). In light of the foregoing, the *Osborne* court concluded that the *Byrd* statement that lack of good cause compels dismissal under Rule 4(m) was *dicta*. The *Osborne* court also observed that there were no reported Sixth Circuit decisions holding that a court cannot enlarge the time to effect service under Rule 4(m) absent a showing of good cause and that in at least one unreported decision, *Stewart v. TVA*, the Sixth Circuit Court of Appeals had explicitly recognized a court's discretion in this matter. As stated by the court in the *Stewart* decision:

> Rule 4(m) requires the district court to undertake a two-part analysis. First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause. *See Henderson v. United States*, 517 U.S. 654, 662, 116 S. Ct. 1638, 134 L.Ed. 2d 880

---

[2] In the December 1, 1993 amendments to Rule 4, subsection (j) was amended and relabeled subsection (m). *See Dreier v. Love (In re Love)*, 232 B.R. 373, 378 (Bankr. E.D. Tenn. 1999). Rule 4(j) had provided in pertinent part: If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion." *Id.* at n.9.

5

(1996).

*Osborne*, 217 F.R.D. at 408 (quoting *Stewart v. TVA*, 238 F.3d 424 (table), 2000 WL 1785749, *1 (6th Cir. Nov. 21, 2000)).  Considering all of the foregoing along with the Advisory Committee notes to Rule 4(m), the United States Supreme Court's statement in *Henderson*, and the fact that seven circuit court of appeals that had considered the matter had unanimously concluded that good cause no longer stands as an absolute prerequisite to extending the time for proper service of process, the *Osborne* court concluded that it had the discretion under Rule 4(m) to extend the 120-day period to effect service, even absent a showing of good cause.  *See Osborne*, 217 F.R.D. at 407-408 and cases cited therein.

This court is persuaded by *Osborne* and the authorities cited therein that *Byrd* does not limit this court's discretion to extend the time for service, regardless of whether good cause has been established.  *See Johnson v. Hayden,* 229 F.3d 1152 (table), 2000 WL 1234354, *3 n.3 (6th Cir. Aug. 24, 2000) (recognizing that its dicta in *Byrd* was inaccurate); *see also Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 324-26 (E.D. Mich. 2001); *Wise v. Department of Defense*, 196 F.R.D. 52, 56 (S.D. Ohio 1999); *U.S. ex rel. Howard v. Life Care Centers of Am.*, No. 1:03-CV-41, slip op. at *2, 2005 WL 2674939 (E.D. Tenn. Oct. 20, 2005) (all concluding that a court has extension discretion even absent good cause).  Furthermore, this court notes that since *Osborne*, another circuit court of appeals, namely the Eleventh Circuit Court of Appeals in *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129 (11th Cir. 2005), has joined its sister courts in concluding that Rule 4(m) grants discretion to extend the time for service of process even in the absence of a showing of good cause.

Accordingly, applying Rule 4(m)'s two-part analysis as directed by *Stewart*, this court will first determine whether the plaintiff has shown good cause for the failure to effect service within the 120-day period.  If good cause exists, extension of time for service is mandatory.  Absent good cause, the court must then decide whether to exercise its discretion to permit late service or dismiss. *Stewart*, 2000 WL 1785749, *1; *see also* 10 *Collier on Bankruptcy* ¶ 7004.02[13] (15th ed. rev. 2006) and cases cited at n.29.

Although Rule 4(m) does not define "good cause," the Sixth Circuit Court of Appeals has noted that courts considering the good cause issue have considered whether the plaintiff made a

6

reasonable and diligent effort to effect service. *Habib,* 15 F.3d at 74. The court has also observed that "counsel's inadvertent failure or half-hearted efforts to serve a defendant within the statutory period does not constitute good cause." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). Notwithstanding plaintiff's assertions in this regard, the court is unable to conclude that plaintiff has established good cause for her failure to effect service within 120 days. Even assuming that counsel and his paralegal both went to the defendants' home on two separate occasions as he states in his affidavit, there were no additional follow-up visits or attempts to effectuate service. Counsel's statement that his office subsequently misplaced the summonses provides no excuse for the failure to act with the appropriate diligence. *See Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992) ("'[G]ood cause' . . . require[s] at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice."). And, as noted by one of the defendants, plaintiff's failure to diligently pursue timely service is particularly wanting since personal service was not required. The plaintiff could have simply served by the defendants by placing the complaint and summonses in the mail. *See* Fed. R. Bankr. P. 7004(b)(7) and (9).

Because good cause has not been established, the court must determine whether it should grant plaintiff additional time to effect service. In *Donaldson v. Lopez (In re Lopez)*, 292 B.R. 570 (E.D. Mich. 2003), the court identified several factors as pertinent to such a decision, including whether:

> (1) a significant extension of time was required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant had actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff had made any good faith efforts at effecting proper service of process.

*Id.* at 576 (quoting *Slenzka*, 204 F.R.D. at 326). The *Lopez* court added that "it was also appropriate to consider the effect an extension would have on the administration of justice, and whether an extension would undermine any policy considerations explicitly or implicitly contained in the procedural rules urging the prompt disposition of the particular type of matter." *Id.*

With respect to the first factor, whether a significant extension of time is required, the

complaint in this proceeding was filed on October 28, 2005. Thus, the 120-day period for effecting service ran on February 25, 2006. Because plaintiff served the defendants on April 19, 2006, only a 53-day extension is required, a time delay the court does not deem significant under the facts of this case.

As to the "prejudice to the parties" factors, the defendants argue that they would be severely prejudiced by an extension because it has been more than ten years since the debts which were the subject of the original chapter 7 filing occurred. They indicate that at this late date it would be "virtually impossible for [them] to gather and present the evidence necessary to adequately defend this adversary proceeding"; that in the years since the original bankruptcy filing, they "have invested considerable time and money in repairing and maintaining the property which is the subject of this adversary proceeding"; and that during this same time period, they "have provided extensive uncompensated professional services to the homeowners association within which the property is located during this time." The court, however, finds these allegations of prejudice to be irrelevant as they pertain to the inherent "prejudice" in having to defend the suit, not whether a 53 day extension is prejudicial. The concerns raised by the defendants, to the extent they have merit, would exist even if the defendants had been timely served within the requisite 120 days. *See Barr v. Barr (In re Barr)*, 217 B.R. 626 (Bankr. W.D. Wash. 1998) ("Prejudice in this context contemplates loss of evidence, unavailability or other material alteration caused by the delay that would prevent the Debtor from presenting his case."). On the other hand, if this proceeding were dismissed, the plaintiff would be substantially prejudiced because the statute of limitations has now run and a dismissal would be, in effect, with prejudice.

Regarding whether the defendants had actual notice of the lawsuit during the initial 120 days, both defendants state in their affidavits that they did not and plaintiff has submitted no evidence to the contrary.[3] As to plaintiff's good faith efforts to effect timely service, while the court does not find that plaintiff's counsel was as diligent as he should have been in effecting service, the court is unable to conclude that his efforts lacked good faith.

---

[3] The court notes, however, that the docket in this proceeding indicates that notice of the filing of the complaint and the issuance of the summonses was electronically sent to Ms. Goins' attorney by the court's electronic filing system, contemporaneously with their docketing.

8

A weighing of the foregoing factors persuades the court that an extension of the service period rather than dismissal is appropriate. The defendants have now been served and the delay has not resulted in any actual prejudice to the defendants. Dismissal would end this action, highly prejudicing the plaintiff and the creditors she represents since the passing of the statute of limitations would prevent refiling. The Advisory Committee Notes to Rule 4(m) states that relief in the form of an extension may be justified "if the applicable statute of limitations would bar the refiled action." *See also Colasante v. Wells Fargo Corp.*, 81 Fed. Appx. 611, 614 (8th Cir. 2003) ("Where a dismissal without prejudice has the actual effect of terminating a plaintiff's claim, . . . a strong argument may be made for a permissive extension, at least when such an extension would cause little or no prejudice to the defendant."); *Casey v. Kasal,* 223 B.R. 879, 884 (E.D. Pa.1998) (The running of the limitations statute alone could be reason to extend the period for service.); *Golden v. The Guardian (In re Lenox Healthcare, Inc.)*, 319 B.R. 819, 823 (Bankr. D. Del. 2005) (notwithstanding absence of good cause and lack of notice of suit during service period, court extended service time where statute of limitations had otherwise run); *Kadlecek v. Ferguson (In re Ferguson)*, 204 B.R. 202, 209 (Bankr. N.D. Ill.1997) (While it is not mandatory that the court extend the deadline for effecting service of summons solely because of the running of the substantive limitations statute, the fact that the suit cannot be resolved on the merits is a factor that must be given close attention.).

Furthermore, this court is persuaded that permitting this action to go forward is in the interests of justice, one of the *Lopez* considerations. In applying Rule 4(m), courts must balance the rule's goal of timely service and efficient litigation with the desire to provide litigants their day in court. *See Garland v. Peebles*, 1 F.3d 683, 686 (8th Cir. 1993); 4B *Federal Practice and Procedure* § 1137. *See also Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000) ("[G]ranting Plaintiff an extension of time to re-serve the summons and complaint in this particular circumstance would be in keeping with the overall policy in this Circuit of resolving disputes on their merits, rather than disposing of them on procedural or technical grounds."); *Westfield Ins. Cos. v. Madar (In re Madar)*, 218 B.R. 382, 384 (Bankr. E.D. Mich. 1998) ("a strong preference for trials on the merits in federal courts"). In this regard, it should be remembered that Rule 4(m) "is not a statute of limitations" but rather "a procedural rule dictating the procedures or time for service of

process." *In re Ferguson*, 210 B.R. at 790. "The 120-day service requirement is not meant to be enforced harshly or inflexibly." *In re Madar*, 218 B.R. at 384 (quoting 4B *Federal Practice and Procedure* § 1137 (1997 Supp.)). "Dismissal is 'only appropriate where there has been a clear record of delay or contumacious conduct.'" *Durns v. Dawson (In re Dawson)*, No. 00-9121-W, 2001 WL 753807, * (Bankr. N.D. Iowa June 20, 2001) (quoting *Dahl v. Kanawha Inv. Holding Co.*, 161 F.R.D. 673, 678 (N.D. Iowa 1995)). This is not a such a case.

Lastly, there is no indication that granting an extension in this case "would undermine any policy considerations explicitly or implicitly contained in the procedural rules urging the prompt disposition of the particular type of matter." In making this observation, the court in no way condones plaintiff's inattentiveness nor otherwise suggests that the running of the statute of limitations would always compel this court to grant an extension. However, the court is convinced that under the facts of this particular case, "the core function of service" which "is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections," *Henderson v. United States*, 517 U.S. at 671, has been satisfied.

III.

Accordingly, the court will enter an order denying the defendants' dismissal motions.

# # #